[S. F. No. 8343.   In Bank.—May 15, 1917.]

## GEORGE D. BERNSCHEIN et al., Respondents, v. GEORGE W. WHITAKER, Appellant.

APPEAL — TIME FOR MAKING DEMAND FOR RECORD — TERMINATION OF NEW TRIAL PROCEEDING—NOTICE OF DECISION.—The ten days' time "after notice of decision" denying a motion for new trial or "other termination" of such a motion, within which a party may file demand for record under section 953a of the Code of Civil Procedure, or may serve a proposed bill of exceptions under section 650, commences to run immediately upon the failure of the trial court to pass on the motion within three months after the verdict of the jury or service on the moving party of notice of decision of the court. Written notice of the decision denying the motion is not essential under these particular statutory provisions. Actual notice only is required, and in the event of such a termination of the new trial proceeding, the law itself gives the notice.

MOTION to dismiss an appeal from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion of the court.

Eugene F. Conlin, for Appellant.

G. Gunzendorfer, for Respondents.

THE COURT.—The ten days' time "after notice of decision" denying a motion for new trial or "other termination" of such a motion, within which a party may file demand for record under section 953a of the Code of Civil Procedure, or may serve a proposed bill of exceptions under section 650 of the Code of Civil Procedure, commences to run *immediately upon the failure of the trial court* to pass on the motion within three months after the verdict of the jury or service on the moving party of notice of decision of the court. (Code Civ. Proc., sec. 660.) *Written* notice of the decision denying the motion is not essential under these particular statutory provisions. *Actual* notice only is required, and in the event of such a termination of the new trial proceeding, as we have stated, the law itself gives the notice.

It follows that no valid proceeding for a record in lieu of a bill of exceptions, or for a bill of exceptions, was ever instituted, and, consequently, that the time for filing transcript on appeal in this court expired before the making of this motion.

This conclusion necessitates the dismissal of the appeal.

The appeal is dismissed.