[Civ. No. 2554. Second Appellate District, Division One.—February 5, 1919.]

## W. T. McARTHUR, Respondent, v. MARSHALL PAXTON et al., as Executors, etc., Appellants.

New Trial—Denial by Operation of Law—Notice.—When under section 660 of the Code of Civil Procedure a motion for new trial is denied by operation of law, the moving party is chargeable with notice of that fact.

Exceptions, Bill of—Failure to Serve in Time.—In the absence of an order extending the time, failure to serve a proposed bill of exceptions within the time provided by law deprives the court of jurisdiction to settle the same, and a similar result attends a failure to present the proposed bill with the amendments thereto to the judge for settlement or to deliver it with amendments to the clerk for the judge.

Appeal—Errors not Appearing by Record.—On an appeal from a judgment, where there is no proper record of alleged errors in rulings complained of by the appellant, an appellate tribunal must assume the correctness of the rulings made by the trial court.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Victor T. Watkins for Appellant.

Goudge, Robinson & Hughes for Respondent.

SHAW, J.—Action against defendants as executors of the estate of Charlotte T. Paxton, deceased, to recover for medical services alleged to have been rendered by plaintiff to the deceased.

Defendants appeal from a judgment rendered in favor of plaintiff.

The judgment-roll is accompanied by a bill of exceptions exhibiting the alleged erroneous rulings of the court made in the course of the trial. This bill of exceptions was settled and allowed by the court over plaintiff's objections, which were embodied in a special bill of exceptions settled at the time.

In considering the appeal, respondent insists that appellants' bill of exceptions should be disregarded for reasons disclosed by the record as follows: The judgment was entered April 12, 1917, and notice thereof served upon defendants on April 14th. Defendants served a notice of intention to move for a new trial on April 24th, which motion, for want of prosecution, was denied by operation of law on July 14th (Code Civ. Proc., sec. 660), of which fact defendants must be deemed chargeable with notice. (*Bernschein* v. *Whitaker*, 175 Cal. 130, [165 Pac. 523].) Thirty days thereafter, to wit, on August 13th defendants served their proposed bill of exceptions and plaintiff, within due time, reserving therein the right to object to the settlement of any bill of exceptions on the ground that the same had not been proposed within the time allowed by law, prepared and served his proposed amendments to said bill on September 1st. Though served on September 1st, the amendments, together with the proposed bill of exceptions, were not delivered by defendants to the clerk to be presented to the judge who tried the case until December 15th, at which time the trial judge designated December 22d as the time for the settlement of the bill.

In the absence of any order extending defendants' time, plaintiff's objection to the settlement of the proposed bill of exceptions should have been sustained, for the reason that it was not served within the time allowed by law, nor was it, together with plaintiff's proposed amendments, delivered to the clerk nor presented by defendants to the court for settlement, upon notice to plaintiff, within the time allowed by law. Indeed, there seems to have been no attempt to comply with the provisions of section 650 of the Code of Civil Procedure, which, in case proceedings for a new trial are pending, require, unless the time for so doing be extended, that the draft of such bill be served upon the adverse party within ten days after notice of decision denying such motion; and upon service of any proposed amendments thereto, such bill and amendments must, within ten days thereafter, as provided in said section, be presented by the parties seeking the settlement· of the bill to the judge who tried or heard the case, upon five days' notice to the adverse party, or be delivered to the clerk of the court for the judge. In the case of *Moultrie* v. *Tarpio*, 147 Cal. 376, [81 Pac. 1112], it is said: "Failure to comply with the requirement that the proposed

bill and amendments must, within ten days after service of the proposed amendments, be presented for settlement to the judge who tried or heard the case, deprives the party of his right to have the bill settled, unless he is relieved from the effect of such failure by the trial court under section 473 of the Code of Civil Procedure, on account of mistake, inadvertence, surprise, or excusable neglect.'' No such application was made. To the same effect is *Whipple* v. *Hopkins,* 119 Cal. 349, [51 Pac. 535], and *Smith* v. *Solomon,* 84 Cal. 537, [24 Pac. 286]. In our opinion, the court was without jurisdiction to settle the bill of exceptions, and hence the same, in considering this appeal, must be disregarded.

The alleged errors to which counsel for appellants in his brief directs our attention are rulings of the court in admitting evidence. But in the absence of any proper record exhibiting such errors, we must assume the correctness of the rulings made by the trial court. This being true, we must consider the appeal upon the judgment-roll alone, and, so considered, it is not, and indeed cannot be, claimed that any error appears therefrom.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.