[S. F. No. 11617. In Bank.—December 10, 1925.]

JOSEPHINE MARIE LEE WRYNN, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

[1] APPEAL—REPORTER'S TRANSCRIPT—TIME—DILIGENCE.—Where an appellant, about two months before the expiration of the time within which she could have filed with the clerk a notice of her intention to appeal from the judgment and a request that a reporter's transcript be prepared in accordance with the requirements of section 953a of the Code of Civil Procedure, filed such a notice and request, and such a transcript was prepared and filed about two and a half months after the filing of such notice and request, but five days before the expiration of the time allowed therefor (there having been a new trial proceeding pending which was denied by operation of law), the transcript was prepared with due diligence and presented to the trial judge for certification within the time provided by law.

[2] ID.—REPORTER'S TRANSCRIPT—NEW TRIAL PROCEEDING PENDING—TIME.—Section 953a of the Code of Civil Procedure by its terms contemplates that the preparation of the reporter's transcript on appeal may abide the determination of a motion for a new trial, if one be pending, for the reason that if the motion be granted the transcript may not be required; and the fact that appellant filed her notice of intention to appeal and request for a reporter's transcript before the required time should not operate to cut off or

---

2. See 2 Cal. Jur. 628.

impair her right to the statutory time for the preparation of the transcript after the termination of the new trial proceedings.

[3] ID.—CERTIFICATION OF TRANSCRIPT—MANDAMUS—INCORPORATION OF AMENDMENTS.—The denial in an answer to a petition for a writ of mandate to compel the trial judge to certify the reporter's transcript on an appeal from a judgment taken pursuant to section 953a of the Code of Civil Procedure, that said reporter's transcript is a full or true transcript of the proceedings for the reason that the respondent's amendments to said record were not incorporated therein, does not constitute sufficient justification for refusal to certify the transcript, for the reason that it is within the power of the trial court and the judge thereof to require said amendments to be incorporated in the transcript.

[4] ID. — JUDGMENT IN WILL CONTEST — ORDER TERMINATING PROCEEDINGS TO PROCURE REPORTER'S TRANSCRIPT—NATURE OF.—An order granting a motion to terminate proceedings to procure a reporter's transcript on an appeal from a judgment in a will contest (although it may be conceded to be a special order made after final judgment), is a special order in a probate proceeding and is not such an order as is made appealable by the third subdivision of section 963 of the Code of Civil Procedure; and such order is not therefore reviewable on a separate appeal.

[5] ID. — TIME OF MAKING ORDER — EFFECT UPON CERTIFICATION OF TRANSCRIPT.—Where the order granting the motion to terminate proceedings to procure the reporter's transcript was made before the expiration of the statutory time within which the proceedings which it purported to terminate could have been taken, the trial court was in error in making the same; but such erroneous order may not justify a refusal to certify said transcript.

(1) 4 **C. J.**, p. 465, n. 53.   (2) 4 **C. J.**, p. 465, n. 53.   (3) 4 **C. J.**, p. 457, n. 79.   (4) 4 **C. J.**, p. 457, n. 79.   (5) 38 **C. J.**, p. 552, n. 20.

PROCEEDING in Mandamus to compel the Superior Court of the City and County of San Francisco to certify a reporter's transcript and to settle a bill of exceptions on an appeal from an order terminating proceedings to procure said transcript. Frank H. Dunne, Judge. Writ granted requiring certification of transcript.

The facts are stated in the opinion of the court.

3.   See 2 Cal. Jur. 573.
4.   See 2 Cal. Jur. 190.

Charles N. Douglas for Petitioner.

W. W. Watson, for Respondents.

SHENK, J.—This is an application for a writ of mandate to compel the respondent judge to certify the reporter's transcript on an appeal from a judgment taken pursuant to section 953a of the Code of Civil Procedure, and to settle a bill of exceptions as provided by section 650 of the Code of Civil Procedure, on an appeal from a special order made after said judgment was entered.

It appears from the petition that the petitioner instituted a contest of the will of Robert S. Lee, deceased, on the ground that she was a pretermitted heir of the deceased; that after trial the issue was determined adversely to her contention and judgment to that effect was entered; that on December 11, 1924, notice of the entry of judgment was served on her; that on the twentieth day of December, 1924, she filed with the clerk a notice of her intention to appeal from said judgment and a request that a reporter's transcript of the proceedings be prepared in accordance with the requirements of section 953a of the Code of Civil Procedure; that on the said twentieth day of December, 1924, she arranged with the reporter for his compensation for preparing the said transcript; that on the same day she served and filed a notice of motion for a new trial; that thereafter and within the time allowed by law she served and filed a notice of appeal from said judgment; that on February 16, 1925, the respondent court made and entered an order denying her motion for a new trial; that on February 19, 1925, one of the legatees under said will served and filed a notice of motion to terminate the proceedings pending in said court to procure a record on appeal, basing said motion on the ground that the petitioner had not proceeded with reasonable diligence in obtaining a transcript of the evidence to be used on said appeal and that more than forty days had elapsed since the filing of the notice requiring the reporter to prepare said transcript; that on February 27, 1925, the respondent court heard and granted said motion; that no evidence was offered in support of said motion and that the only evidence offered or received on said motion was the

197 Cal.—38

affidavit of petitioner's counsel to the effect that the said appeal was being prosecuted in good faith and that said counsel had made the necessary arrangement with the reporter to transcribe and complete said record on appeal; that on March 10, 1925, the reporter completed the said transcript and filed the same with the clerk as required by law; that said clerk thereupon gave notice of the time and place for the presentation of said transcript to the judge for certification; that the respondent judge refused to certify said transcript notwithstanding demand on him so to do; that the petitioner appealed from the order of the court terminating the proceedings for the preparation of the said transcript, prepared a bill of exceptions on said last mentioned appeal and presented the same, together with amendments thereto proposed by said legatee, to the said judge for settlement; that upon said presentation the respondent judge refused to settle said bill of exceptions and announced that he would not settle the same; that the said reporter's transcript is a full, true, and correct transcript of the proceedings had in said cause to which the same relate and that the proposed bill of exceptions is a full, true, and correct record of all matters pertaining to the said motion to terminate said proceedings for certification of said transcript.

In response to an alternative writ of mandate duly issued herein the respondent judge *in propria persona* filed an answer wherein he denies that said court denied the petitioner's motion for a new trial and alleges that said motion was denied by operation of law on the eleventh day of February, 1925; denies that on the hearing of the motion to terminate the proceedings for the preparation of the record on appeal no evidence was taken by said court in support of said motion and alleges that said court took into consideration the state of the record in said proceeding in determining said motion and further alleges on information and belief that the petitioner had not up to the time of the receipt of the notice of motion to terminate proceedings arranged with the reporter to prepare a complete or any record on appeal from said judgment; alleges that the affidavit of petitioner's counsel presented on the hearing of the motion to terminate proceedings consisted wholly of conclusions of law and did not state any fact showing diligence on the part of the petitioner in preparing said transcript; alleges that on the

day said transcript was presented to him for certification
he considered the same and decided that as the proceedings
for the procurement of said record had been terminated for
want of diligence on the part of petitioner the said court
had no jurisdiction of the matter before it and for that rea-
son refused to certify said record. It is further denied that
the said reporter's transcript is a full or true transcript of
the proceedings had in said cause for the reason that the
respondent's amendments to said record were not incor-
porated therein. It is also denied that said proposed bill
of exceptions is a full, true, or correct record of all the
proceedings on said motion for the same reason, to wit, that
the respondent's amendments thereto were not incorporated
therein.

On the return of the alternative writ and the filing of
said answer the clerk of this court was appointed as referee
to take testimony on the issue raised by said answer as to
whether or not the petitioner had made proper or any ar-
rangements with the reporter to prepare a transcript of said
record on appeal and to report his findings thereon. Testi-
mony was duly taken and the referee has filed a transcript
of the evidence before him and his findings thereon, which
disclose that the arrangement which the petitioner made with
the official reporter of the respondent court to prepare said
transcript on appeal consisted of the oral agreement of coun-
sel for petitioner with the said reporter to prepare said
transcript and the promise of said counsel to pay for the
same, which promise was accepted by the reporter as a satis-
factory arrangement, and that said arrangement was made
on the twentieth day of December, 1924. No good reason
has been advanced or otherwise appears why the arrange-
ment between counsel for petitioner and the reporter for
the preparation of said transcript at the time and in the
manner found by the referee should not be deemed in all
respects sufficient. Pursuant to said arrangement the tran-
script was actually prepared in accordance therewith.

[1] The question for determination is this: Was the said
transcript prepared with due diligence and presented to the
respondent judge for certification within the time provided
by law? We think the question must be answered in the
affirmative.

Section 939 of the Code of Civil Procedure provides that an appeal may be taken from a judgment or order of the superior court within sixty days from the entry of said judgment or order. If proceedings on motion for a new trial are pending the time for appeal does not expire until thirty days after the order determining the motion for a new trial or *other termination in the trial court of the proceedings upon such motion.* The proceedings on the motion for a new trial in the present case were terminated by the denial of the motion by operation of law on the eleventh day of February, 1925. Under section 953a of the Code of Civil Procedure the petitioner had ten days from that date or until the twenty-first day of February, 1925, within which to file with the clerk the notice of her desire or intention to appeal under that section (*Bernschein* v. *Whitaker,* 175 Cal. 130 [165 Pac. 523]), and the reporter had twenty days or until March 13th to prepare and file the transcript. Such transcript was filed on March 10, 1925, and was therefore filed within the time prescribed by the statute. The notice of motion to terminate proceedings was served and filed on February 19, 1925, or two days before the time expired within which the petitioner could file her notice and request for a transcript. We think the petitioner under such circumstances should not be charged with lack of diligence in having the transcript prepared. [2] Section 953a by its terms contemplates that the preparation of the reporter's transcript on appeal may abide the determination of a motion for a new trial, if one be pending, for the obvious reason that if the motion be granted the transcript may not be required. The fact that petitioner filed her notice of intention to appeal and request for a reporter's transcript before the required time should not operate to cut off or impair her right to the statutory time for the preparation of the transcript after the termination of the new trial proceedings. [3] The denial in the answer that the said reporter's transcript is a full or true transcript of the proceedings for the reason that the respondent's amendments to said record were not incorporated therein does not constitute sufficient justification for refusal to certify the transcript, for the reason that it is within the power of the respondent court and the judge thereof to require said

amendments to be incorporated in the transcript. No such requirement appears to have been made. No sufficient reason appears why the respondent judge should not be compelled to certify said transcript as requested by the petitioner.

With reference to that portion of the petition herein, which prays for the issuance of a writ of mandate to compel the respondent judge to settle a bill of exceptions on appeal from the order of February 27, 1925, terminating proceedings, it is obvious that the issuance of a writ of mandate for that purpose would be neither proper nor necessary to the full relief of petitioner. [4] In the first place said order is not an appealable order. It may be conceded to be a special order made after final judgment but it is a special order in a probate proceeding and is not such an order as is made appealable by the third subdivision of section 963 of the Code of Civil Procedure (*Estate of Winslow,* 128 Cal. 311 [60 Pac. 931]; *Estate of Turner,* 139 Cal. 86 [72 Pac. 718]; *Estate of Cahill,* 142 Cal. 628 [76 Pac. 383]; *Estate of Spafford,* 175 Cal. 52 [165 Pac. 1]). Said order is not therefore reviewable on a separate appeal. [5] In the second place, as said order was made before the expiration of the statutory time within which the proceedings which it purported to terminate could have been taken, the respondent court was in error in making the same. But such erroneous order may not justify a refusal to certify said transcript. When the transcript is settled as required herein the petitioner has received all of the relief necessary to the perfection of her appeal and the question of settling the said proposed bill of exceptions becomes of no importance.

It is therefore ordered that a peremptory writ of mandate issue requiring the respondent judge to certify, as provided by section 953a of the Code of Civil Procedure, the reporter's transcript on appeal from the judgment entered December 11, 1924.

Richards, J., Seawell, J., Waste, J., Myers, C. J., Lawlor, J., and Lennon, J., concurred.