[Sac. No. 3894. In Bank.—May 4, 1927.]

WILLIAM ANSTEAD (a Minor), etc., Appellant, **v.** PACIFIC GAS & ELECTRIC COMPANY (a Corporation), Respondent.

[1] Appeal — Request for Transcript — Time. — Under section 953a of the Code of Civil Procedure, when a proceeding upon motion for a new trial is pending, the time of the appellant to give and file his notice and request for a transcript does not expire until ten days after notice of decision `denying said motion or of other termination thereof; and in the absence of a showing of actual notice of the determination of a motion for a new trial, the time within which an appellant may give the notice and request for a transcript does not begin to run until the service upon him of written notice of such determination.

[2] Id. — Default in Request for Transcript — Relief — Jurisdiction.—The trial court has jurisdiction to entertain a motion for

---

1. See 2 Cal. Jur. 628.
2. See 2 Cal. Jur. 630.

relief from default in giving and filing notice and request for a transcript on appeal, under section 473 of the Code of Civil Procedure.

(1) 4 C. J., p. 420, n. 41; 29 Cyc., p. 928, n. 60, 61, p. 929, n. 62, 63.   (2) 4 C. J., p. 420, n. 41.

APPEAL from an order of the Superior Court of Shasta County relieving defendant of default in failing to give notice and request for transcript on appeal. Walter E. Herzinger, Judge. Affirmed.

The facts are stated in the opinion of the court.

T. W. H. Shanahan and Carter & Smith for Appellant.

Thos. J. Straub, Carr & Kennedy, Chenoweth & Leininger and L. H. Susman for Respondent.

THE COURT.—This appeal is one taken by the plaintiff from an order of the superior court of Shasta County, made on October 30, 1925, relieving the respondent upon this appeal from its alleged default arising out of its failure to give the notice and request for a transcript upon an appeal taken by it in the same action and pursuant to the provisions of section 953a of the Code of Civil Procedure. The facts with reference to these two appeals are as follows: On April 30, 1925, the jury in the above-entitled cause returned its verdict in favor of the plaintiff and against the defendant therein for the sum of fifteen thousand dollars. Judgment was entered on said verdict on May 1, 1925. On May 8, 1925, the defendant duly served and filed its notice of intention to move for a new trial. Said motion was, however, not made, and the sixty-day period in which the same must be heard and determined by the trial court pursuant to section 660 of the Code of Civil Procedure expired on June 30, 1925, and said motion was therefore upon that date denied by operation of law. On July 28, 1925, the defendant duly served and filed its notice of appeal from the judgment and upon the same date gave and filed its notice and request to the clerk to prepare a transcript pursuant to the provisions of section 953a of the Code of Civil Procedure. On August 19, 1925, owing to

the fact that the plaintiff and respondent upon said first appeal was threatening or preparing to move to dismiss the same upon the ground that the said notice and request to the clerk to prepare the transcript therein had been served and filed too late, the defendant gave notice of an application to be relieved from whatever default there might be in the service and filing of said notice and request, and on October 13, 1925, made its motion for such relief before the trial court. In the meantime, and on October 3, 1925, the plaintiff and respondent upon that appeal had served and filed in the supreme court his notice of motion to dismiss such appeal upon the ground above stated. On October 30, 1925, the trial court made and entered its order relieving the defendant and appellant on said first appeal from "any default arising out of the failure of defendant to file its notice and request for transcript" in time, and thereupon the transcript, having in the meantime been completed and presented, was settled by the trial court after notice to counsel for both parties and without further objection or exception on the part of counsel for the respondent on that appeal. From the order of the trial court granting such relief this appeal has been taken, and has been submitted for decision upon the briefs on file.

[1] There is no merit in this appeal for two sufficient reasons: (1) that under the provisions of section 953a of the Code of Civil Procedure, when a proceeding upon motion for a new trial is pending, the time of the appellant to give and file his notice and request for a transcript does not expire until "ten days after notice of decision denying said motion *or of other termination thereof.*" In the case of *Brown* v. *Superior Court,* 175 Cal. 141 [165 Pac. 429], this court held that in the absence of a showing of actual notice of the determination of a motion for a new trial the time within which an appellant might give the notice and request for a transcript did not begin to run until the service upon said appellant of a written notice of the termination of the motion for a new trial. In *Stoner* v. *Security Trust Co.,* 47 Cal. App. 216, 221 [190 Pac. 500], it was held that the time for giving such notice and request did not begin to run until a notice had been given of the termination of the proceedings for a new trial. The case of *Bernschein* v. *Whittaker,* 175 Cal. 130 [165 Pac. 523], in so far as it is

in conflict with the foregoing views, is overruled. No such notice having been given by the respondent upon said former appeal the appellant therein was not in default as to its time within which the notice and request for a transcript should have been given. **[2]** (2) Said appellant, however, apparently out of an abundance of caution, made timely application to the trial court to be relieved from whatever default might have arisen in that regard, basing its application upon the provisions of section 473 of the Code of Civil Procedure. Upon the hearing of said motion the trial court, upon what appears to be a sufficient showing, granted such relief, and thereupon, and without further objection or exception on the part of the respondent upon said former appeal, approved and settled the transcript on appeal therein. That the court had jurisdiction to entertain such motion and grant such relief has recently been decided by this court in the case of *Stenzel* v. *Kronick, ante,* p. 26, [255 Pac. 199], and said decision is determinative of the question presented upon this appeal.

It follows that this appeal is without merit and the order therein appealed from is affirmed.