[S. F. No. 13195. In Bank.—September 29, 1930.]

WILLIAM J. DREYER et al., Respondents, v. WILLARD C. COLE et al., Defendants; MARY EASDALE et al., Appellants.

Barrett & McConnell for Appellants.

340

H. W. A. Weske for Respondents.

WASTE, C. J.—This is an appeal from a judgment in favor of plaintiffs quieting their title to real property. ■ Respondents first contend that this court may not consider the reporter's transcript prepared under the provisions of section 953a of the Code of Civil Procedure, for the alleged reason that the notice for its preparation was not filed within the time provided for by statute. This contention is based on the fact that the notice was not filed within ten days after a motion for a new trial, made in the case, was denied by operation of law ·by reason of the mandatory provisions of section 660· of the Code of Civil Procedure. No notice of such termination of the motion for a new trial was served upon appellants. There is, therefore, no merit in respondents' contention. (*Anstead* v. *Pacific G. & E. Co.*, 201 Cal. 198, 200 [256 Pac. 209]; *Preo* v. *Roed*, 99 Cal. App. 372, 375 [278 Pac. 928].)

■ On the merits, the main point involved on this appeal is whether or not the finding of the trial court, incorporated in its decree, fixing the boundary line between the appellants' and respondents' properties, is supported by the evidence. Appellants denied title in respondents to the portion of land in dispute. From an examination of the description fixing this boundary in the findings and judgment, it is at once apparent that the description therein contained is different from that in the complaint and summons. In the complaint and summons the respondents' westerly boundary is described as a straight line, but by the findings and decree this line has a different point of beginning and follows an irregular course along certain fences and other monuments. Appellants complain of this variance, respondents having neglected at the trial, upon the true situation developing, to ask leave to amend their complaint. However, we deem this immaterial, if, in fact, there is any evidence to support the finding of the trial court. Appellants contend·there is· no such evidence.

Upon a reference to the deeds constituting respondents' record title it is apparent that the westerly boundary described therein is the same boundary described in the complaint. It therefore follows that whatever claim respondents may have to the irregular boundary described in the decree

(inasmuch as that line includes some land not included within the line described in the complaint) is based on adverse possession. The trial court made the appropriate findings of adverse possession. ■ It is, of course, elementary that the burden is upon one claiming title by adverse possession to show all of the elements essential to a prescriptive title (*San Francisco Clearing House* v. *Wells,* 196 Cal. 701, 705 [239 Pac. 319]; *Ward* v. *Parkford,* 74 Cal. App. 318, 322 [240 Pac. 521]; *Biaggi* v. *Mainero,* 60 Cal. App. 608, 610 [213 Pac. 541]), ■ but it is likewise elementary that all intendments and inferences are in favor of the judgment of the trial court, and that all conflicts and discrepancies in the evidence must be resolved on appeal in support of the judgment of the trial court. It would serve no useful purpose to review herein the evidence produced at the trial of this action. Sufficient it is to say that upon a reading of the entire record we do find evidence directly and indirectly tending to support the findings in reference to the description found in the decree, and likewise find sufficient evidence tending to support the finding of adverse possession. This evidence, it is true, is far from being as satisfactory as it might have been, but that was a matter for the trial court to determine, and as long as there is any substantial showing in behalf of the court's finding it will not be disturbed on appeal.

For the foregoing reasons the judgment appealed from is affirmed.

Shenk, J., Richards, J., Curtis, J., Preston, J., Langdon, J., and Seawell, J., concurred.