[Civ. No. 1551. Fourth Appellate District.—November 24, 1934.]

ERNEST BAUM, Appellant, v. WILLIS N. VANATTA et al., Respondents.

396

Fred A. Wilson for Appellant.

Swing & Swing, W. Hall Crowell and Lowell E. Bartlett for Respondents.

BARNARD, P. J.—The respondents have moved to dismiss this appeal on the ground that the notice to the clerk to cause a transcript on appeal to be prepared and filed was not given or filed within ten days after the denial of a motion for a new trial, as required by section 953a of the Code of Civil Procedure. It appears that notice of entry of judgment was served and filed on May 9, 1934, that a notice of intention to move for a new trial was filed on May 17, 1934, that said motion was never acted upon and was denied by operation of law on July 8, 1934, that notice to the clerk to prepare a transcript was filed on July 25, 1934, and that objections to the settlement of the transcript on appeal were overruled and the transcript was approved on September 18, 1934. It is not contended that any notice of the termination of the proceedings for a new trial was given to the appellant and both a clerk's transcript and a reporter's transcript were on file in this court at the time notice of this motion was filed.

The respondents contend that where a motion for a new trial is denied by operation of law, the appellant is deemed to have notice and the time for requesting the preparation of a transcript begins to run at the end of the statutory period within which a motion for a new trial might have been granted and that, under the facts here appearing, the transcript which has been filed may not be considered.

In support of this contention the respondents rely particularly upon *Hughes* v. *DeMund,* 195 Cal. 242 [233 Pac.

94], *McArthur* v. *Paxton,* 39 Cal. App. 608 [179 Pac. 521], and *Bernschein* v. *Whitaker,* 175 Cal. 130 [165 Pac. 523]. While these authorities support the contention here made, the supporting statement in the opinion in *Hughes* v. *De-Mund, supra,* is based upon a holding in *Bernschein* v. *Whitaker, supra,* to the effect that the ten days during which a demand for a record may be made under section 953a of the Code of Civil Procedure commences to run immediately after the failure of the trial court to pass upon a motion for a new trial within the statutory time and that, in such a case, no notice is required since the law itself gives the notice.

In the later case of *Anstead* v. *Pacific Gas & Elec. Co.,* 201 Cal. 198 [256 Pac. 209], where a demand for a transcript was made more than ten days after the denial by operation of law of a motion for a new trial and where notice of the termination of the proceedings for a new trial had not been given, the court held that the appellant was not in default in the absence of notice of the termination of the proceedings for a new trial and expressly overruled the case of *Bernschein* v. *Whitaker, supra,* in so far as the same was in conflict therewith. While it also appeared in the Anstead case that the appellant had applied for and had been granted relief from any such default the court, in its opinion, refers to this action as having been taken "apparently out of an abundance of caution". A similar holding is found in *Preo* v. *Roed,* 99 Cal. App. 372 [278 Pac. 928], and in *Dreyer* v. *Cole,* 210 Cal. 339 [292 Pac. 123], in both of which cases it was held that the fact that demand for the preparation of a transcript was not filed within ten days after denial of a motion for a new trial by operation of law, would not bar the consideration of such a transcript on appeal where no notice was given of the denial of the motion. The law in this respect seems now to be well settled and the respondents' contention is without merit.

The motion to dismiss the appeal is denied.

Marks, J., and Jennings, J., concurred.