[Civ. No. 1681.   Fourth Appellate District.—February 4, 1937.]

E. S. BECKLEY et al., Respondents, v. VICTOR VEZU
   et al., Defendants; COUNTY OF SAN BERNARDINO
   (a Body Politic and Corporate of the State of Cali-
   fornia), Appellant.

Stanley Mussell, District Attorney, and Albert E. Weller,
Deputy District Attorney, for Appellant.

Wilson & Coughlin for Respondents.

BARNARD, P. J.—The defendant county appealed from an order denying its motion for a judgment notwithstanding the verdict, and the respondents have moved to affirm the order thus appealed from upon the ground that there is no sufficient record before this court. It is contended that no reporter's transcript has been properly or legally filed herein because the request for the preparation of such a transcript was not made within ten days after notice of the making of the order appealed from.

On July 31, 1936, the appellant filed a motion for a judgment notwithstanding the verdict, reserving the right to move for a new trial. On August 7, 1936, this motion was denied and the respondents served and filed a notice of entry of judgment. On August 7, 1936, respondents filed a motion for a new trial on the issue of damages only. On August 8, 1936, the appellant filed a motion for a new trial on general grounds. On August 26, 1936, the appellant's motion for a new trial was granted on the ground that the evidence was insufficient to sustain the verdict. On September 4, 1936, the appellant served and filed a notice requesting the preparation of a reporter's transcript in accordance with section 953a of the Code of Civil Procedure. The reporter's transcript and the clerk's transcript were certified, approved and settled by the trial court and were filed in this court on November 5, 1936.

Under section 629 of the Code of Civil Procedure, when a motion for judgment notwithstanding the verdict is made in the alternative, reserving the right to move for a new trial in case it is denied, the subsequent granting of a motion for a new trial cannot affect the right of appeal from an order denying the motion for judgment notwithstanding the verdict. (*Barthelmess* v. *Cavalier*, 2 Cal. App. (2d) 477 [38 Pac. (2d) 484].)

The sole point presented by the motion to affirm the judgment is whether the ten days' notice required by section 953a of the Code of Civil Procedure commenced to run with notice of the order denying the appellant's motion for judgment notwithstanding the verdict or with notice of the entry of the order granting the appellant's motion for a new trial.

The last sentence of the first paragraph of section 953a of the Code of Civil Procedure, reads as follows: ''Said notice must be filed within ten (10) days after notice of entry of the judgment, order or decree, or if a proceeding on motion for a new trial be pending, within ten (10) days after notice of decision denying said motion, or of other termination thereof.'' The respondents contend that section 939 and section 953a of this code are *in pari materia* and must be interpreted together; that section 939, while permitting an appeal from any judgment or appealable order within sixty days from the entry thereof, extends the time for appeal, where a motion for a new trial is pending, only in case of a judgment and not in case of an order; and that this indicates that the legislature intended, by the portion of section 953a which is above quoted, to extend the time within which to apply for a transcript, when a motion for a new trial was pending, only in cases of appeal from a judgment and not where the appeal is from an order.

This appeal was taken within sixty days of the entry of the order appealed from and the only question raised is as to whether the transcript was requested within the time allowed by statute.

Section 939 does not purport to cover the question of when proceedings for the preparation of a transcript must be initiated. That subject is covered in section 953a. The first paragraph of that section provides that any person desiring to appeal from any judgment, order or decree may, for the purpose of presenting a record on appeal from any appealable judgment or order, file in the court from whose judgment, order or decree the appeal is taken a notice stating that he desires or intends to appeal or has appealed therefrom and requesting that a transcript be prepared. It is then provided that this notice must be filed within ten days, which time is definitely extended where a motion for a new trial is pending.

The respondents argue that ''if the legislature had intended that the 'additional' time for preparing the record under section 953a should apply to an 'order' it undoubtedly would have provided in section 939 that the 'additional' time for taking an appeal should also apply to an order. Obviously, the same reason for extending the time within which to file the notice of appeal under section 939 applies with respect

to the filing of a notice for a transcript under section 953a.''
Regardless of whether or not the legislature, in adopting section 939, intended to limit the extension of time within which an appeal might be taken in cases where a motion for a new trial is pending, to an appeal from a judgment, as distinguished from an appeal from an order, it would not follow that the legislature also intended to make the extension of time for requesting a transcript where a motion for a new trial was pending, as set forth in section 953a, applicable only to an appeal from the judgment, and the language of the latter section is directly to the contrary. The respondents cite *Wrynn* v. *Superior Court,* 197 Cal. 591 [241 Pac. 849], wherein it is stated that the reason for the extension provided by section 953a is that the transcript may not be required if the motion for a new trial is granted. The respondents argue that this reason applies where the appeal is from a judgment but would not apply where the appeal is from an order denying a motion for judgment notwithstanding the verdict. The reason referred to might also apply in the latter case since the party who had thus requested a transcript might, and perhaps often would, abandon his contemplated appeal from such an order in the event his motion for a new trial was later granted. And if it develops that a transcript is required there may be other appeals and good reason appears for permitting a delay which may enable the entire record to be presented in one transcript.

Regardless of the precise reason or reasons for including in section 953a the last sentence of the first paragraph thereof, we think the plain intent of the language there used is to extend the time for requesting a transcript in connection with an appeal from such an order as that here in question, where a motion for a new trial has been filed, until ten days after that motion has been determined. To hold that this portion of section 953a applies only in case of an appeal from a judgment would leave out a material part of the statute as adopted and would change its obvious meaning. In our opinion the application for a transcript on this appeal was made within the time allowed.

The motion is denied.

Marks, J., and Jennings, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 1, 1937.