[Civ. No. 2393. Fourth Appellate District.—August 19, 1940.]

ALVIN MILLER et al., Appellants, v. PACIFIC FREIGHT LINES (a Corporation) et al., Respondents.

Claude L. Chambers for Appellants.

Luce, Forward, Lee & Kunzel, Fred Kunzel and Herbert Kunzel for Respondents.

GRIFFIN, J.—This action for damages arises out of an automobile accident which occurred on the 17th day of November, 1938, in the city of San Diego. The court, sitting without a jury, rendered judgment for respondents. Findings were waived.

The collision occurred when the respondent driver, Dotty, who was driving for respondent Pacific Freight Lines, a corporation, was making a left turn with his Ford V–8 truck at the intersection of Island and Twelfth Streets. Twelfth Street runs in a general northerly and southerly direction and Island Street runs east and west. The streets are 52 feet in width respectively and intersect approximately at right angles.

There were turning buttons on the north and south sides of the intersection. There is a marked center line of Twelfth Street with marked crosswalks at the intersection.

The evidence shows that Dotty had been proceeding north on Twelfth Street and had started to make a left turn from a point somewhere near the center of Twelfth Street and that the appellant Alvin Miller, who was also driving north on Twelfth Street, attempted to overtake and pass the truck on its left side somewhere near or within the limits of the intersection. There was some evidence that Miller's car was traveling on the west or left side of Twelfth Street in making this maneuver. Although the evidence is conflicting, there is testimony to the effect that Miller's car struck the truck near its left front wheel in the southwest quarter of the intersection and then his car continued through the intersection, striking a car parked on the west side of Twelfth Street and north of Island Street and then continued across Twelfth Street, striking the curb on the east side of Twelfth Street.

At the outset, we are confronted with the well-established rule that all presumptions, intendments and inferences are in favor of the judgment of the trial court and all conflicts and discrepancies in the evidence must be resolved on appeal in support of the judgment of the trial court. Where there is substantial evidence directly or indirectly tending to support the findings of the trial court, the judgment must be affirmed. (*Dreyer* v. *Cole*, 210 Cal. 339, 341 [292 Pac. 123]; *Ray* v. *Kennedy*, 24 Cal. App. (2d) 583, 585 [76 Pac. (2d) 147].)

Where findings are waived, all reasonable inferences will be drawn from the evidence and the most favorable construction will be drawn therefrom to support the judgment. It must be presumed by the reviewing court that the trial court found all facts necessary to support the judgment. (*Stewart* v. *Langer*, 9 Cal. App. (2d) 60, 61 [48 Pac. (2d) 758]; *High* v. *Bond*, 107 Cal. App. 153, 154 [290 Pac. 145]; *Benjamin Moore & Co.* v. *O'Grady*, 9 Cal. App. (2d) 695, 698 [50 Pac. (2d) 847].) It then follows that the judgment must be affirmed if there is any substantial evidence upon which an implied finding can be based that the respondent driver Dotty was not guilty of negligence, or if there is any substantial evidence to support a finding that appellant Alvin Miller was guilty of contributory negligence.

Appellants argue that respondents were negligent in (1) violating sections 540 and 544 of the Vehicle Code in not making a proper left turn and signal for the turn; (2) violating section 545 of the Vehicle Code in not maintaining a mechanical signal device on the truck; and (3) violating section 674 of the Vehicle Code in not maintaining a rear view mirror on the truck. Appellant Alvin Miller's testimony indicates that when he arrived at the intersection of Island and Twelfth Streets respondents' truck tried to make a left-hand turn from the right lane position and hit his car and knocked it into the northwest corner of the intersection and also that in negotiating this turn he did not give any signal, either by hand or mechanical device, of his intention so to do.

In respect to appellants' first contention, Alvin Miller's testimony indicates that just before arriving at the intersection he was driving north on the east half of Twelfth Street near the white center line traveling between 20 and 25 miles per hour and that respondents' truck was to his right in the outer or right-hand lane and as he "got at the intersection" the truck driver, who was in a like position in the outer lane, without making a signal or sounding a horn, tried to make a left-hand turn from the right lane position and ran into appellants' car and that at the time of the collision both car and truck were in the intersection. This testimony was corroborated to some extent by other witnesses.

Respondent Dotty testified that about the middle of the block (prior to approaching Island Street) he was on the left-hand side of the east half of Twelfth Street and continued there next to the center line; that he was following along the center line within a foot or so; that as he reached the south curb line of Island Street his truck was in that same position; that when he entered the intersection he was right alongside the button and cars passed him on his right-hand side; that he came up to the button about 20 miles per hour; that he slowed down to about 15 miles for the turn and that he had one hand on the steering wheel and was leaning out the door making a signal; that he got about two-thirds of the turn made and appellant crashed into him and hit the front end of the box of the truck and the front wheel; that appellants' car went on after it hit him and hit a Buick parked on the northwest corner; that he was about 100 feet from the intersection when he put his hand out for a left-hand turn signal;

that he imagined he was about a third of. the way into the intersection before he turned his wheels to the left; that he was about two-thirds completed with his turn when the impact occurred; that he looked into his rear-view mirror before he started to make the turn but did not notice anything coming; that he would say the appellants' car was going at least 40 miles an hour at the time of the impact.

Appellants' own witness (Robinson), who was riding in appellants' car, testified that the truck was traveling "very close to the center line" when he first saw it; that he first saw the truck when appellants' car was about "a couple of lengths away" from the intersection.

Another witness (West) testified that he saw the truck "making preparation to turn"; that he did not see a signal; that the truck was close to the button in the center of Twelfth Street and that at that time two cars passed to the right of the truck; that appellant driver cut to the left of the button in the center of Twelfth Street and at that time the truck was ten feet into the intersection; that the impact occurred near the center of Island Street and about six feet west of the center of Twelfth Street.

A police officer identified certain tire marks and established the point of impact at about the same location described by the witness West. Notwithstanding the conflict, there is sufficient evidence to show that appellant Alvin Miller attempted to pass the truck on the left side of the highway within the limits of the intersection, in violation of sections 525 and 530 of the Vehicle Code (1939). (*Linde* v. *Emmick,* 16 Cal. App. (2d) 676 [61 Pac. (2d) 338].) The evidence, if given credence by the trial court, and we must presume that the trial court did so credit the evidence, supports an implied finding of contributory negligence on the part of Miller.

There is conflicting evidence as to whether respondent Dotty gave a proper signal in accordance with sections 540 and 544 of the Vehicle Code before turning to the left. This conflict must be resolved in favor of respondents. ■ It was admitted that respondents had no mechanical signal device or arm upon the truck at the time of the accident. It appears that some time prior thereto such a device was on the truck but portions of it had been broken off and it was not working at the time. Section 545 of the Vehicle Code requires that "when the body of a vehicle or the body or load on any ve-

hicle in a combination of vehicles projects 32 inches or more to the left of the center of the steering wheel . . . then such vehicle . . . must be equipped with and said signals must be given by such a . . . device''.

Respondent Dotty testified, and his testimony is corroborated by one other witness, that prior to the accident he and a police officer measured the distance between the center of the steering wheel and the left-hand foremost projection of the body of this particular truck and found it to be 31½ inches. There is no testimony in the record to indicate that an arm signal could not have been plainly visible both to the front and rear of the truck. We cannot assume that there was a violation of section 545 of the Vehicle Code.

██ Appellants' last contention that respondents did not maintain a rear-view mirror on the truck is not supported by the evidence. The claimed fact that respondent driver did not see appellants' car just prior to the accident is not sufficient evidence to warrant the conclusion that the truck was not equipped with a rear-view mirror. Even though there is evidence supporting appellants' contention that respondent truck driver was guilty of negligence, in view of our conclusion that the evidence would support a finding that appellant driver was guilty of contributory negligence, the judgment must be and is affirmed.

Barnard, P. J., concurred.