[Civ. No. 2830. Fourth Dist. Nov. 12, 1941.]

DR. MILES CALIFORNIA COMPANY (a Corporation), Respondent, v. ABE BRONSTONE, Appellant.

Chase, Barnes & Chase and Luce, Forward, Lee & Kunzel for Appellant.

Landels, Weigel & Crocker, Stanley A. Weigel and Gray, Cary, Ames & Driscoll for Respondent.

BARNARD, P. J.—This is an appeal from an order granting a motion to terminate proceedings for the preparation and certification of a reporter's transcript.

On September 2, 1939, a judgment was entered against the defendant. On November 4, 1939, a motion for a new trial

was denied. On November 9, 1939, a notice of entry of the judgment of September 2, 1939, was served on the defendant. No notice of the ruling on the motion for a new trial was ever served on the defendant, and there was no waiver thereof as provided for in section 953d. (All references to code sections herein are to the Code of Civil Procedure.) On September 10, 1939, the defendant filed both a notice of appeal from the judgment and a request for a reporter's transcript pursuant to section 953a.

At the time this request for a transcript was filed no undertaking was filed in accordance with section 953b, and the defendant had made no personal arrangement with the stenographic reporter for his compensation. Nothing was done by the defendant in furtherance of the appeal until shortly after July 1, 1940, when one of his attorneys requested the reporter to prepare the transcript and to keep secret the fact that the same had been ordered and was being prepared. The transcript was prepared and filed by the reporter with the clerk on July 24, 1940. Before the date fixed for the settlement of said transcript the plaintiff served and filed notice of a motion for an order terminating the proceedings for the preparation of a transcript, on the ground that the defendant had not proceeded with due diligence. After a hearing, this motion was granted and an order entered terminating the proceedings. This appeal followed.

The only question here involved is whether the trial court erred in granting this motion under these circumstances. The appellant disavows any intention of relying upon diligence on his part. He relies solely on the fact that no notice of the denial of the motion for a new trial was served upon him, and contends that under sections 953a and 953d, the failure to serve such a notice prevented the running of any time limits against him and deprived the court of any power to terminate the proceedings.

The appellant relies on *Kling* v. *Kimball Pump Co., Inc.*, 115 Cal. App. 517 [1 Pac. (2d) 998]; *Rainey* v. *Crowder*, 131 Cal. App. 562 [21 Pac. (2d) 593]; *Benson* v. *Gardner*, 14 Cal. (2d) 526 [95 Pac. (2d) 136], and *Savage* v. *Superior Court*, 36 Cal. App. (2d) 521 [97 Pac. (2d) 990]. These were cases where no request for a transcript had been filed, and in such cases it has been uniformly held that the time within which a transcript may be requested does not expire

in the absence of a notice of the ruling upon a motion for a new trial, or of a waiver thereof as provided for in section 953d.

The appellant also relies upon the following cases, in which a request for a transcript had been filed by the appealing party. (*Anstead* v. *Pacific Gas & Elec. Co.,* 201 Cal. 198 [256 Pac. 209]; *Preo* v. *Roed,* 99 Cal. App. 372 [278 Pac. 928]; *Best* v. *Smith,* 22 Cal. App. (2d) 363 [71 Pac. (2d) 78]; *Dreyer* v. *Cole,* 210 Cal. 339 [292 Pac. 123]; *Baum* v. *Vanatta,* 2 Cal. App. (2d) 395 [37 Pac. (2d) 863]; *Jackson* v. *Thompson,* 43 Cal. App. (2d) 150 [110 Pac. (2d) 470].) In all of these cases the issue presented and decided was whether a request for a transcript had been filed within the time allowed and none of them involved the question of diligence in thereafter proceeding with the preparation of that transcript.

At the oral argument the appellant cited *Wrynn* v. *Superior Court,* 197 Cal. 591 [241 Pac. 849]. In that case, a request for a transcript was filed earlier than it need have been. The court held that this fact should not operate to impair or shorten the statutory time for the preparation of the transcript after the termination of the new trial proceedings. One of the main questions presented was the matter of the appellant's diligence in having a transcript prepared after requesting the same, and the court held that she could not be charged with lack of diligence under the circumstances there appearing. There is nothing in the opinion in that case which in any way holds that an appellant is excused from exercising diligence in the preparation of a transcript after he files a request for the same, or that the question of his diligence in that regard cannot be raised on a proper motion to terminate the proceedings.

All of the other cases relied upon by the appellant go to the question of whether or not a request for a transcript may yet be filed or has been filed within the time allowed, and none of them cover the further question of diligence in the preparation of a transcript, after timely request therefor, and the court's right and power of control in that connection. While the authorities above cited hold that an appellant cannot be held in default in connection with the filing of a request for a transcript unless the proper notice of the entry of a judgment or of a disposition of a motion for a

new trial has been served, this is far from holding that an appellant who has started proceedings for the preparation of a transcript by requesting the same, without waiting for such a notice, is not bound by other rules requiring him to carry on with reasonable diligence the proceedings which he has himself initiated. Section 953a provides that a request for a transcript must be filed within ten days after the notice referred to, but nothing therein provides that such a request may not be filed at an earlier date or before such a notice is given. Where an appellant does not wait for the notice but proceeds to file his request for a transcript it would be carrying technicalities to an extreme to hold that he is not subject to the usual rules and to the control of the court with respect to the manner in which he completes the proceedings which he has commenced. In *Hohnemann* v. *Pacific Gas & Elec. Co.*, 31 Cal. App. (2d) 692 [88 Pac. (2d) 748], the court said:

"As to the law governing a proceeding of this kind, it is well settled that when, as here, an appellant has complied with the jurisdictional requirement of said section 953a by filing the notice and request mentioned therein, and it is claimed by the respondent that on account of lack of diligence on the part of the appellant or the court officers, or for any other cause, there has been unreasonable delay in procuring the transcript, the respondent's only remedy is by way of motion in the trial court to terminate the proceedings for the preparation of the transcript. . . . "

It is well settled, at least in the ordinary case, that the duty rests upon an appellant, after filing a request for a transcript, to take the necessary steps to secure the filing of such transcript; that if he fails to use proper diligence in this regard it is within the power of the trial court to terminate the proceedings; that the question of whether such diligence. has been exercised is one that necessarily rests largely in the discretion of the trial court; and that its determination of this question will not be disturbed on appeal unless it clearly appears that such discretion has been abused. (*Walker* v. *Etcheverry*, 38 Cal. App. (2d) 611 [101 Pac. (2d) 709; *Shutz* v. *Western Wholesale Liquor Distributors*, 24 Cal. App. (2d) 659 [76 Pac. (2d) 135] ; *Estate of Batchelder*, 28 Cal. App. (2d) 139 [82 Pac. (2d) 73] ;

*Wood* v. *Peterson Farms Co.*, 131 Cal. App. 312 [21 Pac. (2d) 468].)

 We see no reason why these general rules are not here applicable. Having voluntarily complied with one of the requirements of section 953a, by filing a notice and request for a transcript, the appellant subjected himself to the requirement contained in section 953b that at the same time he file an undertaking or make personal arrangement with the reporter for his compensation. Having thus initiated the proceeding for the preparation of a transcript his position is exactly similar to that of an appellant in the ordinary case and the question of his diligence becomes material. The time which here elapsed between the filing of the request for a transcript and the making of arrangements with the reporter, which was some eight months, is considerably more than that involved in some of the cases cited. No valid excuse for this delay appears and no attempt is made to claim diligence on the appellant's part. Under the rules we have held to be controlling it follows that no abuse of discretion appears.

The order appealed from is affirmed.

Marks, J., and West, J. *pro tem.*, concurred.