[Civ. No. 5182. Second Appellate District, Division One.—October 31, 1925.]

In the Matter of the Proceedings for the Disbarment of HOMER C. MILLSAP, an Attorney and Counselor at Law.

[1] APPEAL—ALTERNATIVE METHOD—REPORTER'S TRANSCRIPT—INCLUSION OF EXHIBITS.—Where an appeal is taken under section 953a of the Code of Civil Procedure, and appellant has filed with the clerk of the trial court his notice of appeal and notice demanding clerk's transcript and reporter's transcript as required by said section, it is the duty of the stenographic reporter to include in his transcript copies of all writings offered or received in evidence.

[2] ID. — CERTIFICATION OF REPORTER'S TRANSCRIPT — FUNCTION OF TRIAL JUDGE—CONTROL BY APPELLATE COURT.—The examination and certification of the stenographic reporter's transcript is a function of the trial judge, and there is no provision of law giving the appellate court any authority or power to vary the express provisions of section 953a of the Code of Civil Procedure, or to control in any manner the action of the stenographic reporter in preparing said transcript by directing him to exclude therefrom any portion of the proceedings of the trial.

[3] ID.—INSPECTION OF ORIGINAL EXHIBITS—TRANSMISSION TO APPELLATE COURT—CONSTRUCTION OF SUPREME COURT RULE.—While the appellate court, under the authority given by rule XXV of the supreme court, may order the clerk of the trial court to transmit the original exhibits admitted at the trial when it is made to appear that an inspection of the same is necessary to a correct decision of the appeal, such rule cannot be construed to mean that said exhibits can be omitted from the transcript required by section 953a of the Code of Civil Procedure to be presented by the reporter.

---

1. See 2 Cal. Jur. 637.

[4] Id.—Cost of Transcribing Exhibits—Omission from Transcript —Bill of Exceptions.—Even if it be shown to be necessary for the appellate court to inspect the original exhibits in order properly to pass upon the legal questions involved on appeal, it still would be the duty of the reporter to include copies thereof in his transcript; and the fact that the cost of transcribing the exhibits would be great would not justify the appellate court in directing that they be omitted from the transcript and that the originals be transmitted to the court; and if the appellant desires a shorter record than that of the so-called "alternative method" he should present his appeal on a record containing a bill of exceptions.

[5] Id. — Production and Filing Exhibits — Stipulations. — Under stipulation signed by all the parties to the action, the appellate court might have the power to order the clerk of the superior court to produce and file the exhibits in the appellate court and to order same omitted from the reporter's transcript, but without such a stipulation any order made by the court would be illegal and void.

(1) 4 **C. J.**, p. 431, n. 43.    (2) 4 **C. J.**, p. 441, n. 33.    (3) 4 **C. J.**, p. 432, n. 50, 52.    (4) 4 **C. J.**, p. 417, n. 9, p. 433, n. 57, 58.    (5) 4 **C. J.**, p. 432, n. 45.

APPLICATION for an order relieving petitioner from having certain exhibits transcribed and for the production and filing of the original exhibits, to be used on appeal. Denied.

The facts are stated in the opinion of the court.

L. E. Dadmun for Appellant.

W. I. Gilbert, Kenyon F. Lee and Ovila N. Normandin for Respondent.

CURTIS, J.—According to the petition filed herein the appellant, petitioner herein, was by a judgment of the superior court of the county of Los Angeles disbarred from the practice of law in the state of California, and has appealed from said judgment of disbarment; that during the trial of said proceeding in said superior court a large number of written instruments and documents were admitted in evidence as exhibits in said proceeding, and that it will cost approximately the sum of $350 to have said exhibits transcribed and made a part of the record on ap-

peal herein. Petitioner therefore asks for an order of this court that he be relieved from having said exhibits transcribed, and that this court direct the clerk of said superior court to produce and file said original exhibits in this court, to be used at the hearing of said appeal. The attorneys of the bar association, instituting said proceedings of disbarment against appellant, have appeared and objected to the granting of said order.

[1] The appeal was taken under section 953a of the Code of Civil Procedure, and petitioner has filed with the clerk of said trial court his notice of appeal and notice demanding clerk's transcript and stenographic report of the trial as required by said section. By said section it is provided that "the stenographic reporter shall . . . prepare a transcript of the phonographic report of the trial, including therein copies of all writings offered or received in evidence." It will thus be seen that by the terms of this section it is made the duty of the reporter to include in the transcript prepared by him copies of all writings offered or received in evidence. [2] We know of no provisions of law giving to this court any authority or power to vary the express provisions of this section of the code, or to control in any manner the action of the reporter in preparing said transcript by directing him to exclude therefrom any portion of the proceedings of said trial. This section of the code has determined the duty of the reporter in this respect. The examination and certification of the reporter's transcript is a function of the trial judge. (*Martin* v. *Pacific etc. Co.*, 195 Cal. 544 [234 Pac. 321].)

[3] Neither do we think petitioner can obtain the relief sought by virtue of rule XXV of the supreme court, which provides that, "When the inspection of an original paper, which was offered in evidence in the court below, is shown to be necessary to a correct decision of the appeal, the court may order the clerk of the court below to transmit such original paper, if in his possession, to the clerk of the court; . . . " While under the authority given the court by this rule, it may order the clerk of the trial court to transmit original exhibits admitted at the trial when it is made to appear that an inspection of the same is necessary, yet we do not understand from this rule that said

exhibits can be omitted from the transcript required by section 953a to be prepared by the reporter. The plain provisions of this section require that copies of all writings offered and received in evidence shall be included in the reporter's transcript. Thereafter, if the appellate court deems it necessary that the originals, or any of them, shall be inspected by the court, under rule XXV it is given the authority to order the clerk of the trial court to transmit the same to the appellate court. [4] Petitioner has alleged "that it will be necessary for the above-entitled court to inspect and examine said exhibits in order to properly rule and pass upon all legal questions involved on appeal." But no facts are stated in the petition showing that an inspection of said exhibits, or any of them, is or will be necessary. But even if such a showing were made, it would still be the duty of the reporter to include said copies of said exhibits in the transcript to be prepared by him. We do not understand, however, that appellant seriously presses this point. His main contention is that on account of the great cost of transcribing these exhibits, the court should direct that they be omitted from the transcript, and that the originals thereof be transmitted to this court. As we have already stated, this court has no authority to make such an order. If petitioner desired a shorter record than that of the so-called "alternative method," he should have presented his appeal on a record containing a bill of exceptions.

[5] It was suggested at the hearing that the court might have power to make said order under stipulation signed by all the parties to said action. At the time of the hearing, however, the attorneys declined to enter into such a stipulation, and we understand that they are still of the same mind. Without such a stipulation any order made by this court would, in our opinion, be illegal and void.

The petition is denied.

Conrey, P. J., and Hahn, J., *pro tem.*, concurred.