[Civ. No. 5182. Second Appellate District, Division One.—June 21, 1928.]

In the Matter of the Proceedings for the Disbarment of HOMER C. MILLSAP, an Attorney and Counselor at Law.

L. E. Dadmun for Appellant.

Ovila N. Normandin, Kenyon F. Lee and W. I. Gilbert for Respondent.

CONREY, P. Pursuant to notice, respondent Bar Association presented its motion that the appeal be dismissed on the ground that appellant had failed to file transcript on appeal within the time provided by law. It is true that no reporter's transcript has been filed, but appellant did, on the twenty-first day of August, 1925, file a duly certified clerk's transcript, which contains the judgment-roll, together with the notice of appeal and notice demanding a transcript of the testimony. On a record so made respondent is not entitled to a dismissal of the appeal, since it may be that appellant relies upon some error shown by the clerk's transcript. (*Locke Paddon* v. *Locke Paddon*, 194 Cal. 73, 77 [227 Pac. 715].)

It further appears, however, that at or near the time of filing said clerk's transcript appellant presented to this court a petition for an order that certain exhibits need not be copied into the reporter's transcript, and that the clerk of the superior court be directed to produce and file herein said original exhibits, to be used at the hearing of the appeal. That application was denied, for reasons set forth in an opinion of the court. (*In re Millsap*, 75 Cal. App. 25 [241 Pac. 920].) Our attention has been drawn to the fact that upon a somewhat similar showing of facts in relation to extensive and bulky exhibits, the supreme court recently, in a case appealed to that court, directed that those exhibits need not be included in the transcript on appeal, and that the original exhibits be transmitted to the supreme court

"when the transcript on appeal shall have been filed." (*Glassell* v. *City of Los Angeles*, L. A. 10367.) However, it was the opinion of this court that in an appeal taken under the so-called "alternative method" provided by section 953a of the Code of Civil Procedure, this court was without authority to make the requested order. As we are not informed of the reasons which may have guided the supreme court in making an order which assumes the existence of such authority in the supreme court, we do not at present deem it advisable to modify our own views, which were set forth, as above stated, in this case.

The motion of appellant for relief from default was made informally in open court and upon waiver of notice to respondent. This motion is directed to the fact that since the order of October 31, 1925, denying appellant's application to which we have referred, no further transcript has been filed and no brief has been filed on behalf of appellant. Appellant during that period of time, by prolonged inaction has abandoned, or at least has neglected, his appeal. We think that there has been no sufficient showing of excuse for such delay in further prosecution of his appeal. If appellant was of the opinion that this court's order denying his application was erroneous, and if he was advised that there was authority in law for the omission of exhibits, or of any part of the evidence, in a reporter's transcript prepared under section 953a of the Code of Civil Procedure, he might have proceeded in an attempt to obtain in the superior court a certification of the reporter's transcript without those exhibits. In his affidavit filed on the twenty-first day of August, 1925, appellant stated that the reporter's transcript had been prepared, consisting of about 500 pages, but not containing said exhibits. He does not now claim that he has made any effort to have the transcript, which thus had been prepared, certified either by the reporter or the trial judge. Technically, however, no default has yet been taken by means of any order or adverse proceedings against appellant on account of such delay, and it is unnecessary to pass upon the merits of his motion.

The motion to dismiss the appeal is denied. The motion of appellant for relief from his assumed default is dismissed. It is directed that counsel for appellant be notified to appear before this court at its session on the fourth Mon-

day of July, 1928, to show cause why the appeal should not be dismissed for failure to prosecute the same, and particularly for failure to file any brief, as required by the rules of court.

York, J., concurred.