[Civ. No. 4172.   Third Appellate District.—November 1, 1930.]

ERNEST F. O'BANION, Appellant, v. CALIFORNIA CANNING PEACH GROWERS (a Corporation) et al., Respondents.

Lloyd E. Hewitt for Appellant.

Bradford Webster for Respondents.

MR. JUSTICE PLUMMER DELIVERED THE OPINION OF THE COURT.—This is an appeal from an order terminating proceedings in the preparation of a transcript on appeal undertaken to be prepared under the provisions of section 953a of the Code of Civil Procedure. The record shows the following: Notice of entry of judgment appealed from and the proceedings on which said appeal were terminated was filed on the twenty-fourth day of May, 1929. Notice of motion for a new trial was filed on the twenty-ninth day of May, 1929. On the tenth day of July, 1929, an order was made denying the motion for a new trial. Notice of appeal from the judgment was filed on the thirteenth day of July, 1929. Notice to prepare transcript was filed on the same day. The order directing the reporter to prepare the transcript on appeal was also filed on the same day. Here the matter rested until a notice was given

by the respondents that on the thirty-first day of January, 1930, respondents would move to terminate proceedings with reference to the preparation of the transcript on appeal, in accordance with the provisions of section 954 of the Code of Civil Procedure. Upon the hearing of this motion two affidavits were filed by the appellant, one by Duncan McLellan, the reporter, to the effect that on or about the thirteenth day of July, 1929, A. H. Hewitt, now deceased, had made satisfactory arrangements with him personally to prepare a reporter's transcript, to be used on appeal in this cause; that, due to the press of business in his office, affiant forgot to prepare said transcript, and that the same has since been prepared and was filed in the office of the clerk of the above-entitled court on the fourth day of February, 1930. The second affidavit referred to was made by Lloyd E. Hewitt, one of the attorneys for the appellant. In this affidavit it is set forth that A. H. Hewitt, one of the attorneys of record in said cause, died on or about the third day of September, 1929, and that the said A. H. Hewitt was handling said cause, and prepared the papers and pleadings therein. That said cause came on for trial on the eighteenth day of April, 1929, and judgment was entered therein on the twentieth day of May, 1929; that thereafter, on the twenty-ninth day of May, 1929, the plaintiff prepared and filed a motion for new trial, which was thereafter denied on the thirteenth day of July, 1929; that arrangements were made with the reporter to prepare a reporter's transcript; that the first that appellant knew that the reporter's transcript was not prepared was in the latter part of November, 1929, and that at said time the reporter informed affiant that he would have the same prepared as quickly as possible and would file it with the clerk of the court, and at the same time informed affiant that satisfactory arrangements had been made for his compensation.

Upon this showing the trial court entered its order terminating proceedings relating to the preparation of transcript upon appeal.

It will be seen by an examination of the affidavits that no facts are stated really excusing the long delay, or setting forth any reasons why the preparation of the transcript was not completed many months before the date it was

actually filed. The cause was tried before the court, and as stated in the briefs, and not disputed by counsel, required less than two hours for its trial. The affidavit of the attorney for the plaintiff shows that more than two months elapsed after his discovery that no transcript had been prepared by the reporter before same actually was prepared and filed. No stipulations were asked for extending time and no order of the court was made extending time. Under such circumstances we cannot very well hold that the trial court abused its discretion in making the order appealed from, and as stated in *Galbraith* v. *Lowe,* 142 Cal. 295 [75 Pac. 831]: "The order of the trial court will not be disturbed upon appeal where no abuse of discretion appears, and where the proposed engrossed bill failed to show any ground for a new trial." That was a case where the trial court had refused to sign the engrossed bill on account of the negligenec of the appellant in having the same prepared. The fact that under the case of *Smith* v. *Jaccard,* 20 Cal. App. 280 [128 Pac. 1023], the time within which the reporter must prepare a transcript is held to be directory and not mandatory, does not alter the rule relative to diligence. As it is said in that case: "It is doubtless the duty of the appellant, as the moving party, to take the necessary steps to secure the filing of a transcript, and for want of diligence in such matter on his part, it is within the power of the trial court to terminate the proceedings for procuring such transcript." It is also there held that whether due diligence has been exercised is a matter largely within the discretion of the trial court, and will not be disturbed unless such discretion has been abused.

The proceedings now before us appear to have been taken in strict accordance with the decision of this court in the case of *Crocker* v. *Crocker,* 76 Cal. App. 606 [245 Pac. 438], in which case it is also held that the termination of proceedings to prepare a transcript for want of diligence is largely within the discretion of the trial court, and will not be reversed unless an abuse thereof is shown.

As stated herein, we find nothing in the record showing such abuse of discretion, and, therefore, the order of the trial court is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 1, 1930.