[Civ. No. 7637. First Appellate District, Division Two.—November 10, 1930.]

ALEX SHERRIFFS, Respondent, v. A. W. SCOTT, Jr., Appellant.

Sidney Rhein, Geo. M. Naus and Frank Golden for Appellant.

Young, Hudson & Rabinowitz and Alan H. Critcher for Respondent.

NOURSE, P. J.—The respondent moves to dismiss the appeal upon the ground that the appellant has been guilty of unreasonable delay and laches in the preparation of the record and has failed to file a transcript within the time prescribed by law. Judgment was entered against the appellant on November 19, 1928, in an action upon appellant's written guaranty for the payment of a promissory note. Notice of appeal was filed on January 9, 1929, and, on the same day, the appellant filed with the county clerk his request to prepare a transcript under section 953a of the Code of Civil Procedure. On August 12, 1930, upon motion of respondent, proceedings for the settlement of said transcript were terminated by order of the superior court. To date no transcript has been filed in this court.

Appellant's laches in the prosecution of the appeal is conceded, but he seeks to excuse the delay upon the ground that at some stage of the proceedings the papers constituting the judgment-roll were removed from or lost in the clerk's office. Both parties seemed to have been content to place upon the other the burden of finding or restoring these papers. At this time, approximately two years after the entry of the judgment, they have not been restored, and, so far as we can learn from this record, no steps have been taken to restore them.

The existence of a judgment-roll was of no interest to the respondent unless he might find it necessary for the purposes of execution of the judgment. It was of interest to the appellant if he intended to prosecute his appeal because it was a necessary part of the record on appeal. ▮ Having notified the clerk to prepare a transcript under section 953a and having learned that some of the necessary papers were lost or missing it was incumbent upon him to start proceedings to restore those papers so that the record on appeal could be prepared. ▮ Hence, when, more than

a year after the notice of appeal and after the notice to the clerk, the superior court was moved to dismiss and terminate proceedings for settlement of the transcript it had before it a case where appellant's delay and laches were unreasonable and upon that ground it ordered those proceedings terminated. In so doing that court was acting within the bounds of its discretion and nothing has been presented here which would tend to show that such discretion has been abused. (*Williams* v. *Williams,* 176 Cal. 230 [168 Pac. 19]; *Crocker* v. *Crocker,* 76 Cal. App. 606, 609 [245 Pac. 438].)

It being conceded that the transcript has not been filed within the time prescribed by law and the appellant having failed to excuse his unreasonable delay in the preparation of the record this becomes a proper case for the dismissal of the appeal under rule V of the Supreme Court.

Appeal dismissed.

Sturtevant, J., and Spence, J., concurred.