[Civ. Nos. 6876, 6877. Second Appellate District, Division One.— November 17, 1931.]

WESTERN CONCRETE PIPE COMPANY (a Corporation), Respondent, v. JOE GRABOVICH et al., Defendants and Appellants; SIDNEY SMITH, Intervener and Appellant.

Lewis W. Hibben for Appellant Grabovich.

L. E. Dadmun for Appellants Fidelity and Deposit Company of Maryland and Sidney Smith.

Arthur M. Ellis and Robert H. Dunlap for Respondent.

CONREY, P. J.—On the sixth day of June, 1929, pursuant to notice duly given, the attorneys for the respective parties in this action appeared before the superior court and two motions were presented, whereupon the court made the orders which are the subjects of the present appeals. The plaintiff moved for an order dismissing proceedings theretofore taken by the defendant for the purpose of procuring transcripts for use on the appeal of the case, on the ground that the defendant had failed to comply with the terms of section 953c of the Code of Civil Procedure, and had not taken the steps required by said section either

within the time or in the manner prescribed, or at all. That motion having been presented, the defendants opposed the same and also moved the court for an order relieving said appellants from their default, if any, in perfecting their appeal and obtaining the reporter's transcript. This motion for relief was made upon ground of excusable neglect, of which the circumstances were set forth in an affidavit of the attorney Mr. Dadmun. Those matters having been submitted to the court the motion of appellants to be relieved from their default was denied, and the motion of the plaintiff to dismiss the proceedings to obtain reporter's transcript was granted. Thereupon the defendants and intervener filed separate notices of appeal from said orders. Thereafter in accordance with stipulations filed herein the appeals were consolidated for hearing and determination. The record before us consists of a bill of exceptions, covering the said motions and affidavits and all matters introduced in support thereof, and considered by the court, and the orders of the court denying and granting said motions respectively.

It appears that on March 28, 1929, defendants filed a notice of appeal from a judgment entered against them on February 15, 1929, "and from the order of the court denying defendant's motion for a new trial, which said notice of motion for new trial was denied on the 18th day of March, 1929". At the same time appellants filed with the clerk a document entitled "notice demanding clerk's transcript and stenographic report of the trial pursuant to section 953a C. C. P." But the demand thus made was limited to a request that the reporter prepare a transcript "of the phonographic report of that portion of the trial only wherein motions were made by defendants; that an order of arrest be issued, directed to the witnesses subpoenaed for and on behalf of said defendants who failed to appear; also a motion of the defendants for continuance, based on the grounds of the absence of witnesses and the sickness of defendant, and all matters pertaining thereto, including objections, comments and remarks by the court, rulings thereon, and all objections and exceptions of counsel, and the matters to which the same relate, and all orders and rulings of the court thereon, to be made up and prepared", etc. There is not in this record any direct state-

ment of facts in relation to the motion for new trial, and the ruling thereon, and the notice of ruling thereon, except that at the hearing of said motion in the superior court, Mr. Dadmun stated that his notice of appeal and notice demanding clerk's transcript and reporter's transcript have been filed "within the time allowed by law, to-wit, within the ten days from notice of denying motion for new trial". This statement should be construed as an admission by counsel for appellants that they were duly served with notice of an order denying their motion for a new trial. The reporter's transcript called for by the notice which appellant filed with the clerk on March 28, 1929, was not the transcript authorized by section 953a of the Code of Civil Procedure. ▪ In the absence of the stipulation authorized by the last sentence of said section 953a, appellants were not entitled to the certificate of the judge upon a partial reporter's transcript such as was called for by the notice which they filed. If appellants desired to present their appeal upon a portion of the record selected by them, and could not obtain from the opposite party a stipulation, they should have exercised the diligence and industry required for the preparation of a proposed bill of exceptions. In *Allen* v. *Conrey,* 22 Cal. App. 409 [134 Pac. 730], Mr. Justice James pointed out this distinction very clearly: "Where the official reporter prepared the transcript under the alternative method, no amendments are provided to be offered by the opposing party, but there is submitted to the trial judge a transcript made up by an officer of the court whose business it is, when so required at the trial, to make a record of all the evidence and proceedings. Because of the fact that the official reporter does furnish this transcript no doubt is due the omission in the statute to provide for service of a copy of the statement upon the adverse party and the submission of proposed amendments by such adverse party, as is required where a bill of exceptions or statement is prepared under the old method." (See, also, *In re Millsap,* 92 Cal. App. 653 [268 Pac. 970].)

▪ The delay of appellants in proceeding to obtain from the reporter the transcript called for by them resulted from their failure to give an undertaking for the reporter's costs, or promptly complete their arrangement with him for payment of those costs. These delays in part were

the natural outcome of their efforts to obtain from the reporter a different kind of transcript from that to which they were entitled. We are satisfied that the trial judge was not guilty of any abuse of discretion in making the two orders from which the defendants and intervener have appealed.

. The orders are affirmed.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 15, 1931, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 14, 1932.