[Civ. No. 1205.   Fourth Appellate District.—April 20, 1933.]

LOUISA G. WOOD, Respondent, v. THE PETERSON
FARMS COMPANY (a Corporation) et al., Defend-
ants; CORA VAN AERNAM PETERS, Appellant.

Charles M. Johnson for Appellant.

Harry W. Chase for Respondent.

JENNINGS, J.—This is an appeal by the defendant, Cora Van Aernam Peters, from an order of the trial court terminating proceedings for the preparation of a transcript on appeal undertaken to be prepared in accordance with the provisions of section 953a of the Code of Civil Procedure, and from an order of the court denying the said defendant's motion to be relieved from the default of the clerk and of said defendant in failing to file the reporter's transcript of the evidence produced upon the trial of the action within the time prescribed by law.

The following facts pertinent to this appeal are presented by the record herein: Judgment in favor of plaintiff was rendered on December 27, 1930. Notice of entry of judgment was given on January 2, 1931. On the latter date the aforesaid defendant gave notice of appeal from the judgment and on this same date there was filed in her behalf a notice directed to the clerk to prepare the transcript on appeal. Here the matter rested until March 2, 1931, when plaintiff's counsel gave notice that on March 16, 1931, he would move to terminate the proceedings theretofore instituted for the preparation of the transcript on appeal. Upon the hearing of this motion an affidavit made by defendant's counsel was filed. This affidavit recites that

on January 5, 1931, affiant was advised by the clerk of the court at Hanford, California, that it would be necessary for affiant to arrange for the preparation of the transcript on appeal with the official reporter who was present during the trial of the action, Mr. Ambrose Phillips of Madera, California; that forthwith on January 5, 1931, affiant addressed a letter to the aforementioned reporter at Madera, California, requesting him to prepare a transcript of the proceedings and to furnish affiant with an estimate of the cost thereof; that affiant received no reply to his letter from the said court reporter and again wrote the clerk at Hanford requesting the clerk either to get in touch with the reporter or to furnish affiant more detailed information regarding the reporter's address; that thereafter affiant received a more definite address of the reporter and on January 27, 1931, again wrote the reporter; that "several days later" he received a communication from the reporter advising him that the transcript would be prepared upon receipt of the sum of $50; that thereupon affiant addressed a letter to defendant requesting that the aforesaid sum of $50 be sent him for the purpose of defraying the expense of preparing the transcript; that affiant was, however, unable to get in touch with defendant until the latter part of February, 1931, for the reason that the defendant "was away looking after property interests"; that immediately upon receipt of the aforesaid sum of $50 from defendant on March 4, 1931, affiant forwarded the same to the court reporter, who advised him that the transcript would be prepared and filed at Hanford on about March 14, 1931. The affidavit concludes with a recitation of affiant's diligence and lack of neglect in attempting to have the transcript prepared and of affiant's familiarity with the facts of the case and his belief that the appeal will be successful. With the aforesaid affidavit, affiant presented and filed with the court the reporter's transcript on appeal.

Upon the showing thus made the trial court entered its order terminating the proceedings relating to the preparation of the transcript on appeal.

■ It is apparent that the aforesaid affidavit fails to state facts which sufficiently excuse the delay in the preparation of the transcript. More than two months elapsed after notice of appeal was filed before appellant succeeded in

completing arrangements with the reporter for the preparation of the transcript. During this interval it appears that no stipulations extending the time were requested and no order of the court extending the time was made. Under the circumstances here presented it can hardly be said that the trial court abused the discretion reposed in it in making the order terminating the proceedings for procuring a reporter's transcript to be used on appeal. ■ The duty rested upon appellant as the moving party to take the necessary steps to secure the filing of a transcript and for want of diligence in this regard on appellant's part it is within the power of the trial court to terminate the proceedings for procuring such transcript (*Smith* v. *Jaccard,* 20 Cal. App. 280 [128 Pac. 1023, 1026]). The question of whether due diligence has been exercised is one that necessarily rests largely in the discretion of the trial court and its determination of this question will not be disturbed unless it plainly appears that such discretion has been abused (*Crocker* v. *Crocker,* 76 Cal. App. 606 [245 Pac. 438]; *O'Banion* v. *California C. P. Growers,* 109 Cal. App. 328 [292 Pac. 975]; *Western Concrete Pipe Co.* v. *Grabovich,* 118 Cal. App. 367 [5 Pac. (2d) 71]).

■ The problem of determining whether a sufficient showing was made by appellant to entitle her to be relieved from her default in the matter of the preparation of the transcript was likewise one that rested largely in the sound discretion of the court and it must clearly appear that this discretion was abused if the court's ruling in this regard is to be disturbed.

■ Upon the hearing of appellant's motion to be relieved from her default in procuring the reporter's transcript two affidavits were filed by appellant. One of these affidavits was made by appellant's counsel, and while it is somewhat more extended and more detailed than the affidavit of this same individual which was filed upon the hearing of respondent's motion to terminate the proceedings for procuring a reporter's transcript, no new facts are set forth which tend to excuse the obvious delay. The second affidavit was made by appellant's husband, who states therein that he acted as appellant's agent in the matter of arranging with her counsel for the preparation of a transcript to be used on appeal. Not only does this second

affidavit fail to strengthen appellant's position in the matter of her default, but it effectually weakens it. This affidavit sets forth *in haec verba* a letter written by appellant's counsel to the affiant on February 2, 1931, which affiant admits he received during the first week in February. This letter states that the attorney had been advised by the reporter that a deposit of $50 will be required to defray the cost of preparing a transcript and concludes with the following language: "Please get me check for this amount at once." Nevertheless, although thus plainly advised of the necessity of promptly taking care of the matter, the affidavit shows that he left the place of his residence for a trip of several weeks' duration without attending to it and without seeing appellant's counsel. The affidavit further shows that during his absence from his home he received a second letter from the attorney, but being unaware of the importance of making the payment of $50 required for the preparation of the transcript he did nothing until he returned to his home and there received a third letter from the attorney on February 28, 1931. It appears that affiant then called upon the attorney during the week following the receipt of this third letter and finally became convinced of the importance of making the payment so unequivocally demanded in the letter of February 2d. Affiant paid the money required for the preparation of the transcript on March 4, 1931, two days after respondent had given notice that she would move the court to terminate the proceeding for procuring a transcript to be used on appeal. Under the circumstances thus presented, it is obvious that the trial court did not abuse its discretion in denying appellant's motion to be relieved from her default in the preparation of the reporter's transcript.

The orders of the court from which this appeal has been taken are therefore affirmed.

Barnard, P. J., and Marks, J., concurred.