[Civ. No. 1204.   Fourth Appellate District.—June 22, 1933.]

LOUISA G. WOOD, Respondent, v. THE PETERSON FARMS COMPANY (a Corporation) et al., Defendants; CORA VAN AERNAM PETERS, Appellant.

Charles M. Johnson for Appellant.

Harry W. Chase for Respondent.

BARNARD, P. J.—This is an action to foreclose a mortgage covering 220 acres of land situated in Kings County and given to secure two notes, each for the principal sum of $4,800. On June 4, 1927, the plaintiff agreed in writing to sell the land in question to J. Y. Peterson and his wife for $12,570, the agreement providing that when $2,970 of the purchase price was paid the vendee might demand a deed and give back a mortgage securing the balance of $9,600, to be evidenced by two notes payable at certain named times. The sum of $2,970 was paid by J. Y. Peterson by June, 1928, and during that month he demanded a deed. The plaintiff executed a deed conveying the premises to J. Y. Peterson and his wife and delivered the same to an abstract company which was handling an escrow in connection with the transaction. A few days later the plaintiff received back this deed and, at the request of J. Y. Peterson and the abstract company, furnished

another deed conveying the property to the Peterson Farms Company, a corporation, with instructions to deliver the same upon obtaining for her a first mortgage upon the property securing two notes for $4,800 each, payable on terms stated. This mortgage was recorded in Kings County by the abstract company on June 29, 1928. The mortgage and notes were signed "The Peterson Farms Company by J. Y. Peterson, Vice President", the mortgage was acknowledged by J. Y. Peterson as vice-president of the corporation and the corporation seal was attached thereto.

About April 30, 1929, the Peterson Farms Company deeded the property in question to N. G. Perkins and A. Yoder. By a deed dated October 22, 1929, this property was conveyed by Perkins and Yoder and their wives to Cora Van Aernam Peters, one of the defendants herein. On May 19, 1930, this action was filed seeking to foreclose the mortgage referred to. The corporation defendant defaulted and the defendant Cora Van Aernam Peters filed an answer denying that the Peterson Farms Company had executed the mortgage in question, together with a cross-complaint seeking to quiet her own title to the property. Findings of fact and judgment and decree of foreclosure in favor of the plaintiff were entered and filed on December 29, 1930, and from this judgment, the defendant Cora Van Aernam Peters is prosecuting this appeal.

The reporter's transcript in this case was never authenticated (see *Wood* v. *Peterson Farms Co.*, 131 Cal. App. 312 [21 Pac. (2d) 468]), and the appeal is therefore before us on the judgment-roll alone (*Estate of Gamble*, 166 Cal. 253 [135 Pac. 970]). The only arguments presented by the appellant are based upon a consideration of the evidence. The court found that the notes and mortgage were executed by the Peterson Farms Company, the corporation defendant, on or about June 20, 1928; that the mortgage was duly acknowledged; and that it was recorded on June 29, 1928. Among other things, the court found that certain payments called for by the notes had not been paid; that the entire amount of principal and interest called for by the notes was due, owing and unpaid; that any interest or claim of this appellant was subsequent to and subject to the lien of the mortgage; and that all of the allegations in the answer of this appellant, which were

inconsistent with or contradictory to any of the facts found by the court, were each and all untrue. The findings support the judgment and the same must be affirmed.

While not necessary to this decision, we feel disposed to add that we have examined the unauthenticated transcript on file herein and are fully satisfied that if the same were to be considered, this appeal is without merit. ■ The appellant's entire contentions are based upon the proposition that J. Y. Peterson, who executed this mortgage on behalf of the defendant corporation, was not authorized by the corporation to execute the same and that the mortgage is, therefore, void and of no effect as against the appellant. Reliance is placed upon the testimony of the secretary of the corporation to the effect that the records thereof contain no resolution authorizing J. Y. Peterson, as vice-president, to execute the mortgage. However, the testimony of the secretary further shows that it had come to his attention that the corporation owned the land in question and that on April 30, 1929, a resolution was adopted and signed by all of the members of the board of directors of the corporation providing that the corporation should sell and convey to N. G. Perkins and A. Yoder the land in question, describing the same, and further providing that "J. Y. Peterson, Vice President of this corporation, be, and he is, hereby authorized and directed to execute and deliver to said Grantee on behalf of said corporation a deed of conveyance of said property particularly describing the same, subject to existing encumbrances." Having accepted title to the land, recognized the indebtedness, sold the land, authorized the sale by resolution, and having defaulted in the present action, the corporation itself is estopped to deny the validity of the mortgage (*Blood* v. *La Serena Land & Water Co.,* 134 Cal. 361 [66 Pac. 317]). This mortgage was given to secure a portion of the purchase price of the land and was duly recorded, and the appellant took title to the land through a vendee from the mortgagor with both constructive and actual notice. The transcript shows that when the appellant purchased the property in question she signed escrow instructions which provided that she was to take the property subject to this mortgage and to the two notes secured thereby. This was a part of her contract and the amount represented by this mortgage was a part of the

consideration she was to pay for the land. She not only had actual notice, but is estopped to question the proper execution of the mortgage (*Alvord* v. *Spring Valley Gold Co.*, 106 Cal. 547 [40 Pac. 27]). Every consideration of equity is in favor of the judgment and we are unable to see how in this equitable action this technical objection to the execution of the mortgage could possibly result in taking this land from the respondent, with only a small part of the purchase price paid, and giving the same to the appellant for a correspondingly less amount than that she agreed to pay for the same.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.