[Civ. No. 2104. Fourth Appellate District.—February 1, 1938.]

NATHAN SHUTZ, Appellant, v. WESTERN WHOLE-SALE LIQUOR DISTRIBUTORS et al., Respondents.

660

Harry J. Miller, Sarau & Thompson and Overton, Lyman & Plumb for Appellant.

Leonard J. Difani and Byrne & Coughlin for Respondents.

BARNARD, P. J.—This is an appeal from an order dismissing and terminating the proceedings for the preparation and settlement of the reporter's transcript in connection with a prior appeal in the same action.

The plaintiff, while riding as a guest in an automobile driven by one Tarshish was injured in a collision between

that car and one owned and operated by the defendants. The plaintiff brought this action for damages which was tried before a jury in March, 1935, resulting in a verdict and judgment in favor of the defendants. A motion for a new trial was denied and notice thereof served on the plaintiff on May 9, 1935. On May 22, 1935, the plaintiff served and filed a notice of appeal from the judgment together with a notice and request for the preparation of a clerk's and reporter's transcript. By stipulation the time for the preparation and filing of these transcripts was extended to September 1, 1935.

On July 25, 1936, the plaintiff requested the court reporter to prepare a reporter's transcript in this action. On August 7, 1936, a clerk's transcript was filed in the trial court and delivered to the clerk of this court on September 12, 1936. On August 17, 1936, a reporter's transcript, duly certified by the court reporter, was filed in the trial court. On August 19, 1936, the defendants served and filed objections to the certification of the reporter's transcript on the ground that the time for the preparation and filing thereof had expired on September 1, 1935, and that the plaintiff had not used due diligence in causing the same to be prepared. On the same day the defendants served and filed a notice of motion to terminate and dismiss the proceedings for the preparation of a reporter's transcript. The matter was heard on affidavits, those for the defendants setting forth the material facts above referred to with the further statement that the time for the preparation of a transcript had not been extended beyond September, 1935, and those for the plaintiff setting forth in great detail facts tending to show that the plaintiff had been, throughout the period of the delay, without funds, that on many occasions during the fall and winter of 1935, and the spring and summer of 1936, he had unsuccessfully attempted to borrow from numerous persons funds with which to prepare said transcripts, that near the end of July, 1936, he had secured from a named individual funds for this purpose and had had the transcripts prepared, and that in March, 1936, Tarshish secured a judgment in a separate action, tried before a different judge and without a jury, which was paid by these defendants. After a hearing the court granted the motion to terminate and dismiss the proceedings for the preparation of a record on the ground that

the plaintiff had not used due diligence in connection therewith, and the plaintiff has appealed from that order.

The sole ground of appeal is that the court abused its discretion in making this order. In addition to the matter of the delay in the preparation of a transcript the respondents contend that the failure of the appellant to request a typewritten transcript within ten days after notice of the order denying a new trial is in itself sufficient to sustain the order made. In the earlier cases it was held that a transcript could not be considered where a request for the same was not filed within the time prescribed by section 953a of the Code of Civil Procedure. This rule has since been modified and now the act of certification by the trial judge is taken as equivalent to the granting of relief from default under section 473 of that code.

With respect to the delay in the preparation of such a transcript it is now well settled that the trial court has the power to grant relief on a proper showing, that this power should be liberally exercised, that the matter is necessarily one which is largely within the discretion of the trial court and that unless an abuse of that discretion clearly appears from the record the order of the court will not be reversed on appeal. (*Wilson* v. *Wilson,* 207 Cal. 364 [278 Pac. 440] ; *Wood* v. *Peterson Farms Co.,* 131 Cal. App. 312 [21 Pac. (2d) 468] ; *Western Concrete Pipe Co.* v. *Grabovich,* 118 Cal. App. 367 [5 Pac. (2d) 71] ; *O'Banion* v. *California C. P. Growers,* 109 Cal. App. 328 [292 Pac. 975] ; *Sherriffs* v. *Scott,* 109 Cal. App. 438 [292 Pac. 1088] ; *Kammerer* v. *Marino,* 66 Cal. App. 720 [226 Pac. 980].)

Assuming that the court could well have refused to terminate these proceedings under the showing here made that the appellant had been without funds, that he had made a considerable effort to secure funds for the purpose, and that he had eventually been successful and had actually caused the transcript to be prepared before the motion to terminate the proceedings was made, it does not follow that a contrary conclusion discloses an abuse of discretion. The matter was delayed for considerably more than a year and for almost a year after a stipulated extension of time had expired. There is some ground for the contention here made by the respondents that the circumstances indicate that the appellant had in fact abandoned his appeal, and that he later attempted

to renew the same after the success of the plaintiff in the other action. The respondents argue that they were prejudiced by this delay since they settled and paid the Tarshish judgment in reliance upon a belief that the appellant had abandoned his appeal and that they would not have done so had they known that such was not the case. This contention need not be considered here since these facts were not set forth in respondents' affidavits and were not before the trial court, so far as this record shows. There are a number of facts, in addition to the length of the delay, which support the court's conclusion that due diligence had not been used in preparing the desired record. There was no showing that the appellant could not have procured the necessary funds at an earlier date from the same person from whom he eventually secured them. So far as shown by the record he did not ask for additional time either from the court or from the respondents and he did not attempt to make any arrangements with the reporter as permitted by law. There is no showing that he was unable to furnish an undertaking, as provided for in section 953b of the Code of Civil Procedure, and none that he attempted to prepare a bill of exceptions or that he was unable to do so. He could have obtained from this court an order permitting him to file a typewritten bill of exceptions which he did in connection with the present appeal. In our opinion it cannot be said, upon the record before us, that an abuse of discretion appears.

A further consideration is that the appellant, in opposing the motion to terminate the proceedings, was in fact asking for relief under section 473· of the Code of Civil Procedure and there should have been some showing as to what questions he desired to have reviewed upon his appeal and as to the necessity for a reporter's transcript in order to properly present such questions. In *Kammerer* v. *Marino, supra,* it was pointed out under somewhat similar circumstances that it was not possible to hold that the trial court had abused its discretion in the absence of any showing that the desired transcript would be of benefit to the party seeking relief.

No such showing was here made although the appellant set forth in his affidavit that Tarshish had recovered damages against these respondents on account of injuries received in the same automobile accident and that it would

be an injustice to permit a different result in this action. It is argued that two opposite judgments arising from the same automobile accident in this manner should not be permitted to stand and in support thereof the cases of *Inyo Chemical Co.* v. *City of Los Angeles*, 5 Cal. (2d) 525 [55 Pac. (2d) 850], and *Southern Pac. Co.* v. *Los Angeles*, 5 Cal. (2d) 545 [55 Pac. (2d) 847], are cited. The observations of the court in the last-mentioned case, which is particularly relied upon by the appellant here, are directed to a situation where the essential facts are similarly presented in two different actions and are to a large extent undisputed. It cannot be told from the record before us whether such a situation exists here. The essential facts may have been presented in the Tarshish case and in this case in a very different manner, and may have been largely disputed in one and practically admitted in the other. Automobile accident cases usually involve disputed questions of fact which of necessity are for the court or jury. In such cases it is entirely possible that opposite judgments may be entered in separate actions for damages arising out of the same collision which will have to be sustained because of the evidence presented in the respective cases. The judge who made the order here appealed from also presided at the trial of the action and was familiar with the facts. The fact that another judgment was entered in another case is not conclusive and the circumstances peculiarly called for some showing on the part of the appellant, who was asking for relief, that the relief requested would or might be of benefit to him. No attempt to make any such showing appears in the record.

For the reasons given the order appealed from is affirmed.

Marks, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 31, 1938.