[Civ. No. 2542. Fourth Appellate District.—April 25, 1940.]

THOMAS E. WALKER et al., Respondents, v. FILBERT
JOE ETCHEVERRY et al., Appellants.

Borton, Petrini, Conron & Borton and Farnsworth, Burke
& Maddox for Appellants.

Bradley & Bradley for Respondents.

BARNARD, P. J.—This is an appeal from an order ter-
minating the proceedings for the preparation of a transcript
to be used on appeal and denying a motion made by appel-
lants for relief from default in that regard.

Judgment was entered on August 7, 1939, and a motion for a new trial was denied on September 6, 1939. On September 16, 1939, the defendants filed a notice of appeal, a notice and demand for the preparation of a transcript, a waiver of undertaking signed by the court reporter, and an order signed by the court directing the clerk to prepare a transcript. A few days later an undertaking on appeal was also filed. On November 30, 1939, the respondents filed a notice of motion to terminate proceedings for the preparation of a transcript, and a few days later the appellants filed a notice of motion for an order granting them relief from any default in connection with the preparation of a transcript. The two motions were heard together, the first being granted and the latter denied, and this appeal followed.

The matter was heard on affidavits submitted by both parties, which disclosed the following facts. The appellants were represented by a firm of attorneys in Bakersfield and another firm in Visalia. One lawyer from each of these firms participated in the trial. The appeal papers were prepared by this Bakersfield lawyer and sent by him to this Visalia lawyer, who secured the necessary signatures and filed the papers. In a letter transmitting these papers the Bakersfield lawyer asked the Visalia lawyer to "orally tell the clerk and the reporter to hold off the actual commencement of preparation for a few days while I attempt to settle the case with Bradley & Bradley". Instead of strictly complying with this request, the Visalia lawyer told both the clerk and the reporter not to start the actual commencement of the transcript on appeal until notified to start the same by him. On September 16, 1939, this lawyer wrote to the Bakersfield lawyer stating that he had served and filed the notice of appeal and other appeal·papers, but saying nothing about what he had told the clerk and reporter with reference to holding up the preparation of the transcript until further notification from him. On September 18, 1939, the Bakersfield lawyer wrote to the attorneys for the respondents suggesting that the case could be settled if a very substantial reduction in the amount of the judgment was made, and mentioning the legal points that could be raised upon an appeal. Several letters between the respondents' attorneys and this Bakersfield lawyer followed, the last being one written by the respondents' attorneys under date of September 27, 1939,

to which the Bakersfield attorney did not reply. These various letters referred to the merits of the appeal and to authorities relating thereto, and nothing very definite was said in any of them with respect to terms of a settlement.

 It seems to be well settled that the matter of granting or denying an application for an order terminating proceedings for the preparation of a record on appeal is one very largely within the discretion of the trial court which, when exercised, .will not be disturbed on appeal in the absence of a rather clear showing of an abuse of that discretion. (*Crocker* v. *Crocker,* 76 Cal. App. 606 [245 Pac. 438] ; *O'Banion* v. *California C. P. Growers,* 109 Cal. App. 328 [292 Pac. 975] ; *Wood* v. *Peterson Farms Co.,* 131 Cal. App. 312 [21 Pac. (2d) 468] ; *Shutz* v. *Western Wholesale L. Dist.,* 24 Cal. App. (2d) 659 [76 Pac. (2d) 135] ; *Hohnemann* v. *Pacific Gas & Elec. Co.,* 31 Cal. App. (2d) 692 [88 Pac. (2d) 748].) In the last named case, the general rules are thus stated:

''As to the law governing a proceeding of this kind, it is well settled that when, as here, an appellant has complied with the jurisdictional requirement of said section 953a by filing the notice and request mentioned therein, and it is claimed by the respondent that on account of lack of diligence on the part of the appellant or the court officers, or for any other cause, there has been unreasonable delay in procuring the transcript, the respondent's only remedy is by way of motion in the trial court to terminate the proceedings for the preparation of the transcript; that neither by statute nor court rule is there any mandatory provision prescribing a limit to the time within which the transcript is to be prepared, and that the determination of the question of whether the delay complained of has been unreasonable or is justifiable is committed very largely to the discretionary power of the trial court, which power should be liberally exercised against terminating the proceedings for the preparation of the transcript; and that whether the trial court grants or denies the motion therefor, its decision in the matter will not be disturbed by a reviewing court unless it clearly appears from the record upon which the trial court's decision is based that its discretionary power has been abused; also, that it is seldom that the facts of any particular case can be used

as a precedent for the determination of another proceeding of like character.''

Appellants' main contention is that an abuse of such discretion here appears. In support thereof it is argued that there was no lack of diligence on the part of appellants' attorneys, but merely an inadvertence arising from the fact that the Visalia lawyer misconstrued the instructions given him by the Bakersfield lawyer, the instruction having been to orally tell the clerk and reporter to delay the preparation of the transcript ''for a few days''. It is argued that the Bakersfield lawyer did not know that the instruction actually given was to delay the matter until further notification, and that, therefore, he supposed that the transcript was being prepared. And, further, that the Visalia lawyer was justified in taking no further action because he supposed that negotiations for a settlement were still being carried on between the Bakersfield lawyer and the attorneys for the respondents. It is argued that such cases as *Wood* v. *Peterson Farms Co., supra,* and *O'Banion* v. *California C. P. Growers, supra,* are to be distinguished from the instant case because in those cases the appellants knew that it was incumbent upon them to have a transcript prepared, while in the instant case, due to this misunderstanding, the appellants did not know that the time was running against them.

It appears here, however, that the Visalia lawyer who had notified the clerk and reporter not to proceed until further orders from him, should have known that the transcript was not being prepared and that he made no effort to find out whether negotiations for a settlement were still in progress. At the same time, the Bakersfield lawyer knew that negotiations for a settlement had ceased, nothing having been done after September 27, 1939. It should be further noted that he should have known that the preparation of the transcript was being unduly delayed since he did not receive a bill for the transcript or notice of its completion, and it was hardly to be expected that it would take more than two months to prepare the transcript where the trial had lasted but two days. From the respondents' standpoint negotiations for a settlement had stopped, they regarded both of the other attorneys as acting for the appellants, no extension of time had been asked, and they had no knowledge of any inadvertence or misunderstanding on the part of either of the

other attorneys or of the fact that the instructions,. as given to the clerk and reporter, were not as intended by the attorneys for the appellants.

We are unable to hold that no lack of diligence appears, and it cannot be said, as a matter of law, that it affirmatively appears that the appellants were entitled to relief from their default or failure with respect to the use of due diligence in securing a transcript. Conceding that relief might well have been given, in this case, with the resulting refusal to order a termination of the proceedings for the preparation of a transcript, we are of the opinion that the matter was one entirely within the discretion of the trial court and that no facts are shown on this appeal which disclose and establish an abuse of that discretion.

The orders appealed from are affirmed.

Marks, J., and Griffin, J., concurred.